UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **THOMAS A. McCARTNEY** | : | **DOCKET NO. 13-cv-02880** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **DARLENE BURNS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Heather West ("defendant," "West") moves this court [doc. 27] to dismiss the claim brought against her by Thomas McCartney ("plaintiff") on the grounds that the allegations fail to state a claim upon which relief can be granted. Defendant also requests that the plaintiff be assessed costs arising from these claims. The plaintiff opposes the motion.

For the reasons stated below, we recommend that the defendant's motions be **GRANTED** and that the plaintiff's claims against the defendant be **DISMISSED WITH PREJUDICE.** It is also **RECOMMENDED** that the defendant's motion for costs be **DENIED.**

### I.
#### BACKGROUND

The plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC") who was formerly incarcerated at the Vernon Correctional Facility ("VCF"). On October 17, 2013, he filed an action against four current and former VCF employees under 42 U.S.C. § 1983, stating multiple claims including the allegation that they denied him his prescribed medication despite his repeated requests over a period in April 2013. Doc. 1, pp. 3–9. The plaintiff amended his complaint on December 12, 2014, to join the defendant as a party. Doc.

17. He stated that she was the medical officer at VCF and was therefore responsible for preparing, dispensing, and providing his medication over the period of time for which he claims it was denied. *Id.* at 4–6.

The defendant alleges that the plaintiff's amendment is not entitled to relation back[1] and that the statute of limitations has therefore run on his claim against her. Accordingly, she moves to dismiss his claims against her, with prejudice and at the plaintiff's cost, for failure to state a claim upon which relief can be granted.

## II.
### LEGAL STANDARDS

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure alleges that the complainant has failed to state a claim for which relief can be granted. When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Gogreve v. Downtown Develop. Dist.*, 426 F.Supp.2d 383, 388 (E.D. La. 2006).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In making this determination, the court should "draw on its judicial experience and common sense." *Id.* at 1950.

---

[1] The doctrine of "relation back" allows an amendment to a pleading to relate back to the date of the original complaint, for statute of limitations purposes, under standards set out in Rule 15(c) of the Federal Rules of Civil Procedure. *E.g.*, *Sanders-Burns v. City of Plano*, 594 F.3d 366, 372–72 (5th Cir. 2010).

## III.
## LAW & ANALYSIS

### A. Failure to State a Claim

"Failure to state a claim" may include an assertion that the claim is time-barred. *E.g.*, *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Such a contention supports dismissal of a claim "where it is evident from the plaintiff's pleading that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Id.*

Actions under 42 U.S.C. § 1983 are not tied to an independent federal statute of limitations and are instead governed by the laws of the state where the event occurred. *Wilson v. Garcia*, 105 S.Ct. 1938, 1943–44 (1985). The Supreme Court has ruled that the appropriate characterization of § 1983 claims for the purpose of selecting a state statute of limitations is as personal injury claims. *Id.* at 1947–49. The statute of limitations for a § 1983 action brought in this court is one year under Article 3492 of the Louisiana Civil Code, which sets the prescriptive period for delictual actions "[including] intentional conduct, negligence, abuse of right, and liability without negligence." *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989) (citing LA. CIV. CODE art. 3492, cmt. (b)).

The defendant erroneously indicates that Article 3492 also governs the date on which the statute of limitations begins to run for § 1983 claims tried in Louisiana. However, the date on which the statute of limitations begins to run is still controlled by federal law and is defined as when the plaintiff knew or should have known from the facts in his awareness that he had suffered an injury. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (internal citations omitted). It must be assumed, based on the plaintiff's own claim of his repeated requests for medication, that he was aware of his alleged medication denial from the time it happened, on April 11 through 15, 2013. Under a one year statute of limitations, the plaintiff's original complaint filed

in October 2013 was therefore timely. However, his amended complaint joining West as a defendant, filed in December 2014, exceeded the statute of limitations by several months.

The plaintiff argues that that the amendment should relate back to the date his original complaint was filed under the Federal Rules of Civil Procedure. An amendment changing the name of a party may still relate back, winding back the clock for the statute of limitations, if: 1) it raises a claim or defense arising from the same conduct, transaction, or occurrence as the original pleading, and 2) the party to be added has received notice of the suit within the period provided for serving original parties, so that he will not be prejudiced in his defense by the delay, and the party knew or should have known that he would have been a party to the suit, but for an error as to his identity. FED. R. CIV. P. 15(c)(1)(C); *see, e.g.*, *Sanders-Burn v. City of Plano*, 594 F.3d 366, 372–73 (5th Cir. 2010). The defendant contends that this rule relates only to correcting the identity of a party and not to adding a party who was omitted from the original complaint. Her interpretation is well settled within this circuit. *Whitt v. Stephens County*, 529 F.3d 278, 282–83 (5th Cir. 2008) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 320–22 (5th 1998)).

Here the defendant was not included in the original complaint. There was not even a placeholder "Jane Doe." Because Rule 15(c) concerns changing the names of parties rather than adding those omitted in error, it does not apply in this case. Accordingly, the amended complaint does not relate back. As the complaint also reveals no basis for tolling, the statute of limitations has run on any § 1983 claim the plaintiff might have against the defendant relating to the alleged denial of his medication. The plaintiff's complaint thus fails to state a claim upon which relief may be granted with respect to the defendant and should be dismissed at her motion under Rule 12(b)(6).

### B. *Motion for Costs*

The defendant also requests that the plaintiff be assessed costs, not including attorney's fees, that she incurred from the plaintiff's claim against her. Under the Federal Rules of Civil Procedure, costs (not including attorney's fees) in a judgment may be allowed to the prevailing party unless barred by some other statute. FED. R. CIV. P. 54(d)(1). For plaintiffs proceeding in forma pauperis as the plaintiff is here, "judgment may be rendered for costs . . . as in other cases" at the court's discretionary power, subject to the limitation that only the plaintiff and not the government will not be liable for any of the costs incurred. 28 U.S.C. § 1915(f); *see also Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994). An award of costs is not limited to findings of frivolity. *E.g.*, *Lay v. Anderson*, 837 F.2d 231, 232 (5th Cir. 1988). However, we recognize its punitive effect and decline to exercise it here without a greater showing of bad faith or abuse of process from the plaintiff. It is therefore recommended that the defendant's request for costs be denied.

## IV.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the defendant's motion to dismiss the claim with prejudice [doc. 27] be **GRANTED.** It is also **RECOMMENDED** that her request for costs be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of October, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE