



RECEIVED
IN LAKE CHARLES, LA

NOV 1 0 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **THOMAS A. MCCARTNEY** | * | **CIVIL ACTION NO. 2:13 -CV-02880** |
| | * | Sec. P |
| **v.** | * | |
| | * | **JUDGE MINALDI** |
| **DARLENE BURNS, ET AL.** | * | |
| | * | |
| | * | **MAGISTRATE JUDGE KAY** |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM ORDER

Before the court is the plaintiff's Request for *Subpoena Duces Tecum* (Rec. Doc. 74) and Request for An Extension of Time (Rec. Doc. 75). For the following reasons, the court **DENIES** the plaintiff's Request for *Subpoena Duces Tecum* (Rec. Doc. 74) and **GRANTS** the plaintiff's Request for An Extension of Time (Rec. Doc. 75).

A § 1983 plaintiff does not have a constitutional right to discover whatever information he requests. *See, e.g., Hodge v. Prince*, 730 F. Supp. 747, 752 (N.D. Tex. 1990), aff'd, 923 F.2d 853 (5th Cir. 1991). A district court has discretion to curtail discovery if the discovery is not relevant or material for the case. *See Sawyer v. Hickey*, 68 F.3d 472, 472 (5th Cir. 1995) (unpublished) (citing *Gibbs v. King*, 779 F.2d 1040, 1047 (5th Cir. 1986)). Here, the plaintiff requests that the court issue *subpoenas deuces tecum* to the Elayn Hunt Correctional Center and the Vernon Correctional Facility.[1] He requests the manual describing the administrative review procedure, medical records for his medications, and policy documents related the prison procedure when an inmate refuses to take medicine.[2] The plaintiff does not specifically note how

---

[1] Request for Subpoena Duces Tecum (Rec. Doc. 74).
[2] Request for Subpoena Duces Tecum (Rec. Doc. 74).

these documents will help him to object to the Report and Recommendations of the Magistrate Judge.

The Report and Recommendation that recommends granting defendant Heather West's Motion to Dismiss comes to this conclusion because the statute of limitations expired for that defendant.[3] None of the documents requested appear to refute this. The other Report and Recommendation recommends granting the other defendants' Motion for Summary Judgment.[4] The Magistrate Judge recommends dismissing the plaintiff's claim that he was denied medical care in violation of the Eight Amendment because the plaintiff failed to present evidence that the defendants acted with deliberate indifference.[5] She also recommends dismissing the cruel and unusual punishment claims because the claims were based on words alone and not any physical harm.[6]

While the documents that the plaintiff requests, specifically the policies related to prison procedure when an inmate refuses his medicine, may be relevant in creating the inference that the defendants did not provide the plaintiff medicine on certain dates, the policies would not provide evidence of deliberate indifference on behalf of the defendants. Even if the plaintiff had the requested documents, he has not demonstrated how these documents would help him to establish that the statute of limitations had not run, that the defendants acted with deliberate indifference, or that the defendants harmed with more than mere words. Therefore, the court exercises its discretion and denies the plaintiff's request for *subpoena duces tecum*. *See Sawyer v. Hickey*, 68 F.3d 472, 472 (5th Cir. 1995) (unpublished). Accordingly,

---

[3] Report and Recommendation (Rec. Doc. 73), p. 4.
[4] Report and Recommendation (Rec. Doc. 72).
[5] Report and Recommendation (Rec. Doc. 72), p. 9.
[6] Report and Recommendation (Rec. Doc. 72), pp. 10-11.

**IT IS ORDERED** that the plaintiff's Request for *Subpoena Duces Tecum* (Rec. Doc. 74) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's Request for An Extension of Time (Rec. Doc. 75) is **GRANTED.** The plaintiff has 21 days from when this order is signed to file objections to the Reports and Recommendations of the Magistrate Judge (Rec. Docs. 72, 73).

Lake Charles, Louisiana, this 8 day of _____Nov_____, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE